UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **ERWIN D. COLEMAN** | **CIVIL ACTION NO. 17-1493-P** |
| **VERSUS** | **CHIEF JUDGE HICKS** |
| **MEKISHA SMITH CREAL, ET AL.** | **MAGISTRATE JUDGE HORNSBY** |

REPORT AND RECOMMENDATION

Erwin D. Coleman ("Plaintiff") filed a civil rights complaint against Mekesha Smith Creal, James Stewart, Mike Spence, Kelly Craig, Judge O'Callihan, Kurtis Craig, Unknown Parents, Minor Child, M. Toney, Cpl. Haygood, Allen Crump, Sarah Smith, Pamala Smart, Brady O'Callahan, and the City of Shreveport. He complains that Defendants violated his civil rights during his criminal trial proceedings.

Plaintiff filed a motion for preliminary injunction (Doc.16). Plaintiff claims Judge Brady O'Callahan ruled on his motion for recusal instead of referring it to another judge of the court.

As relief, Plaintiff seeks to have this court prevent Judge O'Callahan from presiding over his state court criminal trial proceedings and the Caddo Parish District Attorney's Office from prosecuting the charges against him.

To obtain a preliminary injunction, Plaintiff would have to show (1) a substantial likelihood of success on the merits, (2) a substantial threat of irreparable injury absent an injunction, (3) that the threatened injury would exceed any harm that would flow from the

injunction and (4) that the injunction would not undermine the public interest. <u>Walgreen Co. v. Hood</u>, 275 F.3d 475, 477 (5th Cir. 2001).

Plaintiff has failed to meet the requirements set forth above. The allegations in this motion do not present a substantial likelihood of success on the merits. A federal court should abstain from interfering with state criminal proceedings except under extraordinary circumstances. <u>Younger v. Harris</u>, 401 U.S. 37, 53–54, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). Plaintiff has failed to provide the court with extraordinary circumstances. Pursuant to Louisiana C.Cr.P. art 674, a judge does not have to refer the motion for recusal to another judge for hearing if the motion does not set forth a valid ground for recusal.

Accordingly;

**IT IS RECOMMENDED** that the Motion for Preliminary Injunction (Doc. 16) be **DENIED.**

### Objections

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ. Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed.R.Civ.P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within fourteen (14) days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  See <u>Douglass v. U.S.A.A.</u>, 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this the 7th day of February, 2019.

_____
Mark L. Hornsby
U.S. Magistrate Judge