UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **ERWIN D. COLEMAN** | **CIVIL ACTION NO. 17-1493-P** |
| **VERSUS** | **CHIEF JUDGE HICKS** |
| **MEKESHA SMITH CREAL, ET AL.** | **MAGISTRATE JUDGE HORNSBY** |

REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

STATEMENT OF CLAIM

Before the court is a civil rights complaint filed in forma pauperis by pro se plaintiff Edward D. Coleman ("Plaintiff"), pursuant to 42 U.S.C. § 1983. This complaint was received and filed in this court on November 13, 2017. Plaintiff was incarcerated at the Caddo Correctional Center in Shreveport, Louisiana, when he filed this complaint. He complains that Defendants violated his civil rights during his criminal trial proceedings. Plaintiff names Mekesha Smith Creal, James Stewart, Mike Spence, Kelly Craig, Kurtis Craig, Unknown Parents, Minor Child, M. Toney, Cpl. Haygood, Allen Crump, Sarah Smith, Pamala Smart, Judge Brady O'Callahan, and the City of Shreveport as defendants.

Plaintiff claims he was falsely arrested on June 28, 2017 and was frivolously prosecuted in the Louisiana First Judicial District Court, Parish of Caddo. He claims that on June 21, 2017, Kelly Craig called the police and reported that she and her brother, Kurtis

Craig, saw him leaving her home. He claims Kelly and Kurtis Craig reported that upon entering the home, they observed plates, liquor bottles, and other things broken and strewn about the home. He claims Kelly Craig also reported that a tool was used to break her television screen and her fan was damaged. Plaintiff claims the police wrote a report regarding the property damage.

Plaintiff claims Cpl. Haygood forwarded a false and unsubstantiated report to the property crimes unit in order to effect his arrest for false charges.

Plaintiff claims Kelly Craig is responsible for his arrest on June 28, 2017, for burglary of an inhabited dwelling. He claims Kelly Craig coerced a 15-year-old girl to lie to police and tell them she encountered him leaving Craig's house after she heard glass and other things breaking. He claims the minor child also told the police that he told her he had to get back at Craig for a wrong she did to him. Plaintiff claims he was arrested and charged with a felony based on the lies of a minor child and the Craigs.

Plaintiff claims his preliminary examination was held on August 3, 2017. He claims the arresting officer, Detective Toney, testified that she observed no point of entry, no damage, and no fingerprints or DNA. He also claims Detective Toney testified that nothing was missing. He claims Toney's testimony contradicted the police narratives and arrest reports. Plaintiff claims there was no burglary and no probable cause for his prosecution.

Plaintiff claims ADA Mekesha Creal maliciously prosecuted him even though no probable cause existed. Plaintiff claims Judge O'Callahan found that probable cause existed, even though the evidence did not support his finding.

Plaintiff claims he filed a pro se motion for the transcript of his preliminary hearing. He claims Judge O'Callahan granted his motion in open court. He claims he sent two demand letters for the transcript to Clerk of Court Mike Spence. Plaintiff claims that he finally received a copy of the transcript on November 16, 2017. He claims attorney Sarah Smith took the transcript from him in open court and refused to return it to him.

Plaintiff claims he contacted District Attorney James Stewart and requested that he compare the police reports to the transcript of the preliminary examination. He claims he asked Stewart to instruct Creal to stop the prosecutorial misconduct that cost him his freedom. He claims Stewart ignored his request.

Plaintiff's case was dismissed by the District Attorney's Office on March 13, 2018.

Accordingly, Plaintiff seeks declaratory and injunctive relief, punitive and actual damages, dismissal of the frivolous charge, recusal of Creal and O'Callahan, a change of venue, suspension of Defendants' bar memberships, a federal investigation, and criminal charges against Defendants.

## LAW AND ANALYSIS

**Kelly Craig, Kurtis Craig, Unknown Parents, and Minor Child JC**

Plaintiff claims Kelly Craig is responsible for his arrest for burglary of an inhabited dwelling. He claims Kelly Craig and Kurtis Craig reported to police that he broke into Kelly Craig's home and damaged her property. Plaintiff claims Kelly Craig coerced a minor child to lie and report to police that she saw him leaving Kelly Craig's home and that he had to get back at Kelly Craig.

Section 1983 prescribes redress for conduct by any person who, under color of state law, acts to deprive another person of any right, privilege, or immunity secured by the Constitution and laws of the United States. See 42 U.S.C. § 1983. A plaintiff in a civil rights suit must show that the conduct of which he is complaining was committed by a person acting under color of state law. Plaintiff has not alleged any action that would give rise to defendants Kelly Craig, Kurtis Craig, Unknown Parents, and Minor Child JC being state actors for purposes of Section 1983.

Accordingly, Plaintiff's civil rights claims against Kelly Craig, Kurtis Craig, Unknown Parents, and Minor Child JC should be dismissed as frivolous.

**Sarah Smith and Pamala Smart**

Plaintiff claims his attorney Sarah Smith took the transcript of his preliminary examination from him in open court and refused to return it to him. Plaintiff claims attorney Pamala Smart failed to properly train Sarah Smith. Section 1983 prescribes redress for conduct by any person who, under color of state law, acts to deprive another person of any right, privilege or immunity secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. A plaintiff in a civil rights suit must show that the conduct complained of was committed by a person acting under color of state law. Neither privately obtained nor court appointed defense attorneys act under color of state law for purposes of Section 1983.

Both a retained and a court appointed attorney serve their client, the accused; they do not serve the state. They serve a private function for their client that follows from the

very nature of the attorney-client relationship and for which no state office or authority are needed. Hence, neither a retained nor a court appointed attorney acts under color of state law and cannot be held liable under Section 1983. See Polk County v. Dodson, 454 U.S. 312 (1981); Ellison v. DeLa Rosa, 685 F.2d 959, 960 (5th Cir. 1982) (citing Polk County, supra); United States ex rel. Simmons v. Zibilich, 542 F.2d 259, 261 (5th Cir. 1976); Nelson v. Stratton, 469 F.2d 1155 (5th Cir. 1972); Richardson v. Fleming, 651 F.2d 366 (5th Cir. 1981); Mills v. Criminal District Court #3, 837 F.2d 677 (5th Cir. 1988)(citing Nelson, supra).

Accordingly, Plaintiff's civil rights claims against Sarah Smith and Pamala Smart should be dismissed as frivolous.

**Judge Brady O'Callahan**

Plaintiff claims Judge Brady O'Callahan found that probable cause existed, even though the evidence did not support his finding. Plaintiff cannot allege claims against Judge Brady O'Callahan. It is well established that judges enjoy absolute immunity from liability for damages arising out of performance of their judicial duties, regardless of bad faith. Pierson v. Ray, 386 U.S. 547, 87 S.Ct. 1213 (1967); Stump v. Sparkman, 435 U.S. 349, 98 S.Ct. 1099 (1978). Acts are judicial in nature if they are (1) normal judicial functions (2) that occurred in the judge's court or chambers and were (3) centered around a case pending before a judge. Brewster v. Blackwell, 692 F.2d 387, 396-97 (5th Cir. 1982). The conduct challenged by Plaintiff unequivocally falls within the judge's authority as judicial officer of the court and in the ordinary exercise of judicial duties.

Accordingly, Plaintiff's civil rights claims against Judge Brady O'Callahan should be dismissed with prejudice as frivolous.

**District Attorney James Stewart and Assistant DA Mekesha Smith Creal**

Plaintiff claims he was frivolously prosecuted. He claims District Attorney James Stewart failed to properly train and supervise Assistant DA Creal. Prosecutors have absolute immunity when acting in a quasi-judicial mode. Imbler v. Pachtman, 424 U.S. 409, 106 S.Ct. 984, 47 L.Ed.2d 128 (1976); Geter v. Fortenberry, 849 F.2d 1550 (5th Cir. 1988). The Fifth Circuit has repeatedly recognized the purpose of the immunity defense is to protect public officials from undue interference with their duties and from disabling threats of liability. Geter, 849 F.2d at 1552. Absolute immunity is immunity from suit rather than from liability. Elliot v. Perez, 751 F.2d 1472 (5th Cir. 1985). The Fifth Circuit "has likewise accepted the premise that the protected official should be sheltered from trial and pre-trial preparation as well as liability." Id. at 1478.

The conduct challenged unequivocally falls within the authority of the District Attorney James Stewart and Assistant District Attorney Mekesha Smith Creal, as quasi-judicial officers of the court and in the ordinary exercise of their quasi-judicial duties.

Accordingly, Plaintiff's civil rights claims against the Caddo Parish District Attorney James Stewart and Assistant District Attorney Mekesha Smith Creal should be dismissed with prejudice as frivolous.

**Clerk of Court Mike Spence**

Plaintiff claims he filed a pro se motion for the transcript of his preliminary hearing which was granted by Judge O'Callahan. He claims he sent two demand letters for the transcript to Clerk of Court Mike Spence. He claims he finally received a copy of the transcript on November 16, 2017.

Court clerks "have absolute immunity from actions for damages arising from acts they are specifically required to do under court order or at a judge's discretion." Tarter v. Hury, 646 F.2d 1010, 1013 (5th Cir. 1981). Court clerks have "only qualified immunity for those routine duties not explicitly commanded by a court decree or by the judge's instructions. Clay v. Allen, 242 F.3d 679 (5th Cir. 2001), citing, Williams v. Wood, 612 F.2d 982, 985 (5th Cir. 1980).

Clerk of Court Mike Spence provided Plaintiff the transcript as ordered by Judge O'Callahan. As such, Plaintiff's civil rights complaint against Clerk of Court Mike Spence should be dismissed as frivolous.

**Detective Toney and Cpl. Haygood**

Plaintiff claims Cpl. Haygood forwarded a false and unsubstantiated report to the property crimes unit. Plaintiff claims Detective Toney detained, questioned, and arrested him based on the false allegations made by the Craigs and the minor child JC in the police report.

A Section 1983 plaintiff has long been required to plead his case with "factual detail and particularity," not mere conclusory allegations. Elliot v. Perez, 751 F.2d 1472, 1473

(5th Cir. 1985); Hale v. Harney, 786 F.2d 688 (5th Cir. 1986). The Supreme Court has abolished this heightened pleading standard for claims against municipalities, Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 113 S.Ct. 1160 (1993), but the requirement remains firmly in place for claims against individual public officials. See Schultea v. Wood, 47 F.3d 1427 (5th Cir.1995) (en banc).

In this case, Plaintiff has named individuals as defendants and is therefore required to give factual details regarding his alleged constitutional rights violations. Plaintiff has failed to do so even after amending his complaint. Plaintiff does not allege that Detective Toney knew the police report was false or that the witnesses were not telling the truth. Plaintiff makes no allegations that Cpl. Haygood falsified the police report or knew that the allegations in the police report were allegedly false. Furthermore, Plaintiff admits that Judge O'Callahan found that there was probable cause.

Accordingly, Plaintiff's civil rights claims against Detective Toney and Cpl. Haygood should be dismissed with prejudice as frivolous.

**Chief Allan Crump, City of Shreveport**

Plaintiff makes no allegations against Allan Crump and the City of Shreveport. Furthermore, 42 U.S.C. § 1983 will not support a claim based on a respondent superior theory of liability. See Webb v. Town of Saint Joseph, 925 F.3d 209, 214 (5th Cir. 2019); Mouille v. City of Live Oak, 977 F.2d 924 (5th Cir. 1992), cert. denied, 508 U.S. 951, 113 S.Ct. 2443, 124 L.Ed.2d 660 (1993); Jennings v.Joshua Independent School District, 877 F.2d 313 (5th Cir. 1989), cert. denied, 496 U.S. 935, 110 S.Ct. 3212, 119 L.Ed.2d 226

(1990). Plaintiff has failed to state a claim upon which relief may be granted as to Chief Allan Crump and the City of Shreveport.

Accordingly, Plaintiff's civil rights claims against Chief Allan Crump and the City of Shreveport should be dismissed with prejudice as frivolous.

## CONCLUSION

Because Plaintiff filed this proceeding in forma pauperis ("IFP"), if this court finds Plaintiff's complaint to be frivolous, it may dismiss the complaint as such at any time, before or after service of process, and before or after answers have been filed. See 28 U.S.C. § 1915(e); Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986); Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985). District courts are vested with extremely broad discretion in making a determination of whether an IFP proceeding is frivolous and may dismiss a claim as frivolous if the IFP complaint lacks an arguable basis either in law or in fact. See Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995); Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993); Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827 (1989).

Accordingly;

**IT IS RECOMMENDED** that Plaintiff's civil rights claims be **DISMISSED WITH PREJUDICE** as frivolous.

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an

extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objection within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendations set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party. See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, on this 26th day of January, 2021.

Mark L. Hornsby
U.S. Magistrate Judge